# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JUANAKEE BASKIN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. |
| **JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. AND CREDIT ACCEPTANCE CORPORATION,** | ) |
| **Defendants.** | ) |

## DEFENDANT CREDIT ACCEPTANCE CORPORATION'S
## NOTICE OF REMOVAL

**COMES NOW** Defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby gives notice of removal of this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. Defendant JackMax Automotive, Inc. d/b/a Serra Toyota, Inc. ("Serra Toyota") has joined in and given its consent to this removal. A true and

30016964 v1

correct copy of the Consent to Removal signed by Serra Toyota is attached hereto as Exhibit "A."  In support thereof, Credit Acceptance respectfully shows unto the Court as follows:

## I. <u>INTRODUCTION</u>

1. Plaintiff Juanakee Baskin ("Plaintiff") commenced this action by filing a Complaint (the "Complaint") on June 5, 2017, in the Circuit Court of Jefferson County, Alabama, Civil Action No. 01-CV-2017-902269.00.  (*See* Complaint, attached hereto with the court file as Exhibit "B.")[1]  The Circuit Court of Jefferson County, Alabama, is a state court within this judicial district and division.

2. In her Complaint, Plaintiff asserts claims against the Defendants (including Credit Acceptance) in connection with her purchase of a vehicle, including claims for violation of the federal Truth in Lending Act ("TILA") and federal Equal Credit Opportunity Act ("ECOA").  Plaintiff also asserts state law claims for fraud, deceit, suppression and/or misrepresentation, wantoness/negligence, breach of contract, conversion, negligent training, supervision and retention, and tortious interference with the contract of another.  All of Plaintiff's claims are based on the same set of operative facts.  *See generally,* Complaint.

---

[1] Plaintiff's Complaint was incorrectly, and presumably inadvertently, titled a "Demand for Arbitration."

3. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4. This matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case (and the federal claims asserted therein) under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

5. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treaties of the United States because Plaintiff is asserting claims against Credit Acceptance for alleged violations of the TILA and ECOA, which are federal statutes. *See* Complaint.

7. Accordingly, Plaintiff's federal claims arise under the laws of the United States and could have been originally filed in this Court.

### III. SUPPLEMENTAL JURISDICTION

8. This Court can exercise supplemental jurisdiction over the state law claims Plaintiff makes against Credit Acceptance because these claims form part of the same case or controversy as Plaintiff's federal claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

9. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's federal claims – namely, Defendants' alleged misrepresentations regarding her purchase of a vehicle and alleged wrongful denial of financing to purchase said vehicle. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a).

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of

judicial resources. *See Hernandez v. Vera Home Builders, LLC,* 2014 WL 12650990, at *2-3 (N.D. Ala. Aug. 14, 2014)(recognizing that judicial economy is a consideration in determining whether to exercise supplemental jurisdiction). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence and do not raise novel or complex issues of state law or predominate over Plaintiff's federal claim. *See id.* at *3 (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

11.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Credit Acceptance's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Credit Acceptance also reserves the right to demand arbitration pursuant to any contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## V. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Credit Acceptance to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15. Credit Acceptance has not previously sought similar relief.

16. All properly served defendants are joining in and consenting to this removal.

17. The United States District Court for the Northern District of Alabama, Southern Division, is the District and Division embracing the place where this action is pending in state court.

18. Credit Acceptance reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19. Contemporaneously with the filing of this Notice of Removal, Credit Acceptance has filed a copy of same, along with a Notice of Filing Notice of

Removal, with the clerk of the Circuit Court of Jefferson County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

**WHEREFORE**, Credit Acceptance prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this the 13th day of July, 2017.

*/s/ Matthew T. Mitchell*
Matthew T. Mitchell (MIT050)
Kristen P. Watson (PET065)

Attorneys for Defendant
CREDIT ACCEPTANCE CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street; Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
mmitchel@burr.com
kwatson@burr.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 13th day of July, 2017:

Thomas C. Donald
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone – (205) 985-2309
E-mail – cdonald@donaldlawfirm.com

Michael E. Parrish
Parrish & Theus, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone – (205) 326-0026
E-mail – mike.parrish@parrish-theus.com

Jeffrey Ingram
Galese & Ingram, P.C.
800 Shades Creek Parkway, Suite 300
Birmingham, AL 35209
Phone – (205) 870-0663
E-mail – Jeff@Galese-Ingram.com


                                              */s/ Matthew T. Mitchell*
                                              OF COUNSEL