FILED
2017 Jul-13  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

ELECTRONICALLY FILED
7/13/2017 1:05 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>06/05/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JUANAKEE BASKIN v. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

PAR075          6/5/2017 1:05:46 PM          /s/ MICHAEL EDWARD PARRISH

_____          Date          Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
6/5/2017 1:05 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CIVIL DIVISION

| | |
|---|---|
| **JUANAKEE BASKIN,** | * |
| | * |
| **Plaintiff,** | * |
| **v.** | * |
| | * |
| **JACKMAX AUTOMOTIVE, INC.** | * |
| **D/B/A SERRA TOYOTA, INC.** | * |
| **CREDIT ACCEPTANCE CORP.** | * |
| | * |
| **Defendant.** | * |

## DEMAND FOR ARBITRATION

COMES NOW the Plaintiffs, as named above, by and through their undersigned counsel, and assert the following claims for relief against the above named Defendants, as follows:

### PARTIES

1. The Plaintiff, **Juanakee Baskin**, hereinafter sometimes referred to as "Plaintiff," is an individual over the age of nineteen (19) years.

2. The Defendant, **JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC**. hereinafter referred to as "Dealership" and/or "Defendant," is a Limited Liability Company, engaged, *inter alia*, in the sale of automobiles, whose principal place of business is located in Jefferson County, Alabama, at 904 3rd Avenue West, Birmingham, Alabama 35204.

3. The Defendant, **CREDIT ACCEPTANCE CORPORATION**, herein referred to as "CAC" and/or "Defendants", is a foreign corporation, whose principal place of business is located at 25505 WEST TWELVE MILE ROAD, SOUTHFIELD, MI 48034-8339, and which is engaged in, *inter alia*, financing of automobiles.

4. The contract for sale of the automobile made the subject of this dispute contains the following clause:

"Notice: Any holder of this consumer credit contract is subject to all claims and

defenses which the debtor could assert against the seller of goods or services

obtained pursuant hereto or with the proceeds hereof."

5. Defendant CAC is liable for all claims and defenses which Plaintiffs may have against Defendant Dealership.

6. As the principal of its employees and agents, Defendants are liable to Plaintiffs for any and all damages suffered by Plaintiffs as a result of the unlawful acts of Defendants' employees and agents.

## FACTUAL ALLEGATIONS

7. On or about, April 30, 2016 Plaintiffs inquired about the purchase of a used automobile from the Defendants Dealership.

8. On or about April 30, 2016, Defendant Dealership showed Plaintiff a 2014 Toyota Camry, (hereinafter sometimes referred to as the "Vehicle").

9. On or about April 30, 2016, Plaintiffs paid a down payment of $300.00 down to Defendant Dealership and traded in her 2004 Cadillac Deville vehicle.

10. On or about April 30, 2016, Plaintiffs entered into written contracts with Defendants Dealership for the purchase and financing of the Vehicle. Said contracts were dated April 30, 2016. At the time of the purchase, Plaintiffs were assured that their credit had been "approved" and "Guaranteed" by both of the Defendants. Plaintiffs were also assured that they should purchase a tag and get "full coverage" insurance on the vehicle listing the Plaintiff as the owner of the vehicle.

11. As part of the Defendants' routine course of business, it was common practice of the Defendants to have consumers either make a credit application, pay a down payment, or trade in a vehicle for a new or used vehicle. As a pattern and practice, the Dealer also has the consumer sign other preprinted forms used by Defendants in the purchase and finance of vehicles, including a retail installment sales contract, hereinafter referred to as a "RISC." At the time the RISC is signed, along with the other preprinted forms of the Defendants, the customer is given possession of the new or used vehicle. At this point, the customer is required by Dealership to purchase and maintain owner's automobile insurance before taking possession of the vehicle and leaving the dealership with the vehicle.

12. The RISC contains "Federal Truth-In-Lending Disclosures" required by the Truth in Lending Act, 15 U.S.C. § 1601 otherwise known as "TILA".    The RISC is purported to be binding upon the credit customer when it is signed.  The RISC makes it clear that the credit customer has been approved for finance based on the terms and disclosures set forth in the RISC and that the financing has been "Guaranteed". The other preprinted forms used by the Defendants are not incorporated or referenced in the RISC.  There is no language in the RISC making it contingent upon approval by or assignment to a third party lender.

13. On or about April 30, 2016, Plaintiffs signed a RISC which set forth the terms of financing for the Toyota Camry.  By its terms, the Plaintiffs agreed to pay a total sales price of $14,760.00. This amount reflected a $1,200.00 down payment and amount financed of $8,667.08.  The A.P.R. on said transaction was reflected at 23.99% interest.  Said RISC was assigned by Dealership to Defendant Credit Acceptance Corporation that same day, April 30, 2016. According to the terms of the R.I.S.C. Plaintiffs were charged a $449.00 documentation fee as well as a fee to properly transfer the title.

14. On or about April 30, 2016, Plaintiffs took delivery of the Vehicle from the Defendant dealership.

15. On or about April 30, 2016, Plaintiffs obtained insurance on the Toyota Camry as required under the contract identifying the Plaintiffs as the lawful owners.  Plaintiff's also properly registered the vehicle with the State of Alabama and Jefferson County.

16. On or about April 30, 2016, Defendant, CAC contacted the Plaintiff, stating that the financing had been approved and provided her with a payment/coupon book outlining the monthly payments that were to be made to account# before March 6, 2016.

17. On or about June 1, 2016 Plaintiff attempted to make her first payment to Defendant CAC.

18. On or about May 26, 2016, the Defendant Dealership contacted the Plaintiff and stated that there was a "problem" with the financing and requested the Plaintiff bring back her car.

19. On or about May 26-30th, Defendant dealership contacted the Plaintiffs in an effort to inform the Plaintiffs that they could not obtain financing for the vehicle and requested that the Plaintiff return the automobile.

20. On or June 3, 2016 CAC contacted the Service Contract company and Gap insurance company and cancelled the transaction without the authority or permission of the Plaintiff.   During this

time period, through information and belief, the Defendants wrongfully voided the Alabama Application for Certificate of Title and unilaterally have sought to void the previous sale.

21. Plaintiff has attempted to make her payments both to CAC and to the Defendant Dealership, but each refused.

22. Shortly thereafter, said vehicle was involved in a motor vehicle accident. The vehicle has been deemed to be a "total loss". Plaintiffs have contacted the Defendants dealership to find out the whereabouts of the title. Through information and belief, Defendant Dealership without permission or a power of attorney to do so, illegally voided the title application of the Plaintiff.

23. The effects of these actions have been devastating to the Plaintiff. Not only did she purchase worthless insurance, but now the Defendants had kept her previous trade in and down payment, damaged her credit, and caused her to incur substantial loss of monies with no remedy.

24. As the result of the aforesaid, Plaintiffs was deprived of the benefit of her bargain and was deprived of their down payment, the vehicle, and monies paid toward their first payment. Plaintiffs has been greatly shocked and angered by Defendants's conduct and the resulting damages he has sustained, and Plaintiffs has sustained other incidental and consequential damages.

## COUNT ONE: FRAUD, DECEIT, SUPPRESSION AND/OR MISREPRESENTATION

25. Plaintiffs hereby incorporate and adopt each of the above and foregoing allegations as if fully set forth herein.

26. Defendants knowingly and intentionally placed the Vehicle into the stream of commerce with the intent to deceive Plaintiffs as to the title status and condition of the vehicle.

27. On or about April 30, 2016, Defendants knowingly and intentionally, and with intent to deceive Plaintiffs, represented to Plaintiffs that:

    a. That Plaintiff, on the date of the signing of the paperwork, was purchasing the vehicle identified above;

    b. That the Defendants intended to transfer the title to the vehicle on the date the bill of sale contract was executed;

    c. That the Defendants would provide financing to the Plaintiffs and at the terms identified on the RISC;

    d. The financing for the vehicle had been approved and was Guaranteed;

e.  That Defendants would fulfill its duties as a designated title agent of the State of Alabama and process the title application in keeping with applicable law;

f.  That Defendants would provide Plaintiffs with documentation required to lawfully register and operate the vehicle;

g.  The April 30, 2016 contracts between Plaintiffs and Defendants were binding and valid, that the add on products purchased including GAP insurance and the vehicle service contract were paid for, fully binding, and were offered and placed through  separate, independent companies in the business of providing such products and were not under the direction or control of CAC;

h.  The April 30, 2016 RISC between Plaintiffs and Defendants was binding and valid;

i.  That Plaintiffs had entered into a legally binding agreement by signing the April 30, 2016 contracts and the April 30, 2016 RISC;

j.  That Defendants  had obligations under the April 30, 2016 RISC;

k.  That  Defendants would sell Plaintiffs the Vehicle at the interest rate on the April 30, 2016 RISC;

l.  That Defendants would sell Plaintiffs the Vehicle under the terms of the April 30, 2016 RISC;

m.  That Credit Acceptance Corporation would take assignment of the financing of the Vehicle;

n.  That the terms of the RISC were correct.

28. On or about April 30, 2016, Defendants confirmed said representations, both orally and in writing, by signing the Bill of Sale.   Implicit in Defendants's representation of sale of the Vehicle is the subsequent transfer of title in the Vehicle to Plaintiffss in keeping with Alabama's codification of the Uniform Commercial Code, as well as Federal and Alabama motor vehicle statutes and regulations.

29. Plaintiffs reasonably relied on the foregoing representations by, including, but not limited to, entering into the contract for the purchase of the vehicle, paying monies to the Defendants and taking other actions consistent with Plaintiffs's purchase and ownership of the vehicle.

30. On or about May 20-June 3, 2016, Defendants informed Plaintiffs that they were unilaterally rescinding the transaction.

31. On or about June 3, 2016, Defendants either made representations to Plaintiffs, and/or ratified representations, with knowledge of the representations, including, but not limited to, the following:

    a.  The April 30, 2016 contracts between Plaintiffs and Defendants were not binding or valid;

    b.  The April 30, 2016 RISC between Plaintiffs and  Defendants was not binding or valid;

    c.  That Plaintiffs had no rights whatsoever under the contracts or the April 30, 2016 RISC;

    d.  That Defendants had no obligations under the April 30, 2016 contracts.

    e.  That Defendants could not sell Plaintiffs the Vehicle at the interest rate on the April 30, 2016 RISC;

    f.  That Defendants could not sell Plaintiffs the Vehicle under the terms of the April 30, 2016 RISC;

    g.  That Credit Acceptance Corporation was cancelling the account number and would not accept assignment of the RISC.

    h.  That Plaintiffs had no option to keep the Vehicle;

    i.  That there was a problem with the financing as to the April 30, 2016 RISC;

    j.  That Plaintiffs had no right to return of their down payment, trade in vehicle or personal property.

    k.  That Plaintiff could not enforce the products previously purchased.

    l.  That the Defendant would only utilize the power of attorney executed by the Plaintiff to properly transfer

32. Plaintiffs have been left with nothing more than salvage for which they cannot even sell.

33. Said representations were false.  The Defendants knew they were false and intentionally made said representations, thereby causing the Plaintiffs to reasonably rely upon them.

34. Plaintiffs reasonably relied upon said representations by purchasing the vehicle and insurance. Plaintiffs also reasonably relied upon these representations by incurring expenses and costs consistent with exercising ownership rights in the vehicle.

35. As a proximate result of the conduct of Defendants, the Plaintiffs was caused to suffer loss of monies, incidental and consequential damages, including, <u>but not limited to</u>:

a)  purchase costs;

b) taxes;

c) finance costs;

d) insurance costs;

e) travel costs;

f) interest;

g) bank fees and charges;

h) as well as severe mental anguish, emotional distress and anxiety.

36. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiffs for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.


COUNT TWO:  VIOLATIONS OF THE TRUTH IN LENDING ACT

37. Plaintiffs repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

38. This action seeks all remedies and penalties payable to Plaintiffs as a result of the Defendants's violation of TILA, 15 U.S.C. §1601, *et seq* and Regulation Z, 12 C.F.R. §226.

39. Plaintiffs's transaction was a consumer transaction within the meaning of TILA, 15 U.S.C. §1601, *et seq*, and Regulation Z, 12 C.F.R. §226.

40. Defendants violated the TILA and Regulation Z by failing to properly deliver all "material" disclosures as required by the Act and Regulation Z, including, but not limited to, the following:

a.   Failing to disclose accurately the "finance charge";

b.   Failing to disclose accurately the "amount financed";

c.   Failing to disclose accurately the "annual percentage rate";

d.   Failing to disclose accurately the creditor's identity;

e.   Failing to disclose accurately the "finance charge";

f.   Failing to disclose accurately the "total of payments";

g.   Failing to disclose accurately the payment schedule;

h.   Failing to disclose accurately the "total sales price".

41. The Defendants further violated TILA and Regulation Z by, *inter alia*, failing to deliver any disclosures to Plaintiffs in a form they could keep prior to the consummation of the transaction as required by 15 U.S.C. §1638(b)(1) and Regulation Z, 12 C.F.R. 226.17(a) and (b).

42. As a result of the Defendants's violations of TILA and Regulation Z, Plaintiffs seeks statutory damages pursuant to 15 U.S.C. §1640(a).

43. As a result of the Defendants's violations of TILA and Regulation Z, Plaintiffs seeks actual damages pursuant to 15 U.S.C. §1640(a).

44. As a result of the Defendants's violations of TILA and Regulation Z, Plaintiffs seeks costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. §1640(a).

45. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by the Court, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE:  WANTONESS/NEGLIGENCE

46. Plaintiffs hereby incorporate and adopt each of the above and foregoing allegations and material averments as if fully set forth herein.

47. Defendants owed Plaintiffs a duty not to be wanton, negligent and/or reckless in his conduct both before and after the sales of the vehicle, as described herein, including, but not limited to, the following conduct:

    a.  Misrepresenting the sale of the vehicle;

    b.  Failing to return Plaintiffs's down payment;

    c.  Misrepresenting the type and amounts of insurance needed on the vehicle;

    d.  Failing to return monies paid on Plaintiff's account

    e.  Obtaining Plaintiffs's credit report;

    f.  Misrepresenting the parties rights under the contract;

    g.  Making material misrepresentations to the Plaintiffs;

    h.  Failing to comply with state and federal laws, including, inter alia, regulations regarding vehicle titling and regarding retail installment sales contract disclosures.

     i.  Other conduct inconsistent with Defendants's obligations and duties under the contract and under state and federal laws and regulations.

48. Intentionally and/or allow interference with a valid binding contract and products offered by third parties.

49. By its conduct, the Defendants breached said duties to the Plaintiffs and was wanton and/or negligent.

50. As a proximate result, the Plaintiffs was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

51. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiffs for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.

## COUNT FOUR:   BREACH OF CONTRACT

52. Plaintiffs hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

53. On or about April 30, 2016, Defendants entered into a contract with the Plaintiffs to sell the above described Vehicle to Plaintiffs.

54. By its conduct, Defendants breached its contract with the Plaintiffs.

55. As a proximate result, the Plaintiffs was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

56. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount a jury deems appropriate to compensate his for loss of monies, severe mental anguish and emotional distress, attorney's fees and costs of this proceeding in an amount not to exceed $75,000.00, as well as punitive damages to deter such conduct in the future.

## COUNT FIVE:
## VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

57. Plaintiffs hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

58. The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.* operates to provide consumers with clear and unambiguous notice of whether or not credit has been extended, and if such credit is denied or revoked, to inform the consumer of the reasons for denial. This function furthers the statute's purpose of eliminating discriminatory lending practices through record keeping procedures. This statute mandates a complete documentary trail establishing when and why credit is denied.

59. The ECOA mandates that a credit decision be made within thirty (30) days of receiving a complete application, and that the consumer be provided with an accurate notice of that decision. 12 C.F.R. § 202.9(a)(1).

60. Defendants have violated the ECOA by failing to provide the required notice to applicants, borrowers, consumers, co-applicants, or family members when adverse action is taken by Defendants in the form of credit denial.

61. Defendants also violated the ECOA by improperly charging excessive documentation fees, and targeting protected classes for excessive fees and repossessions.

62. Alternatively, Defendant, CAC on or about June 3, 2016 unilaterally refused to grant credit for the add on products offered in connection with the Retail Installment Sales Contract including but not limited to the Service Contract and GAP Insurance products. Said cancellation was prior to the first payment being due and therefore was a denial of credit to the Plaintiff. Such a denial triggered the Defendant to give a written reason for the denial in accordance with the ECOA. No such notice was provided to the Plaintiff. Such conduct violates the ECOA.

63. Defendants violations of the Equal Credit Reporting Act were committed willfully and/or negligently. As a result of Defendants violations, the Plaintiffs is entitled to all compensatory damages, statutory damages, punitive damages, attorneys' fees, costs, and other relief proscribed and recoverable under the Equal Credit Reporting Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will enter a judgment against the Defendants in this action, and award damages in an amount the Court deems appropriate to compensate Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be

determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX:  CONVERSION

63. Plaintiffs hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

64. On or about April 30, 2016, Plaintiffs paid $300.00 to Defendant Dealership as a down payment on the sale of the Vehicle.  Furthermore, on or about April 30, 2016, Plaintiffs traded in her 2004 Cadillac Deville.

65. On or about June 3, 2016, Defendants unilaterally rescinded the contract for sale of the Vehicle, wrongfully cancelled products purchased as part of the RISC, and wrongfully converted the title to the Plaintiff's vehicle.

66. Defendants Dealership and CAC have fraudulently and/or deceitfully refused to return monies paid by the Plaintiff, and paid to Defendants under the terms of the contract for purchase of the Vehicle, and converted the same to Defendants's own use.

67. Defendants's conduct in its conversion of the down payment, the title, and the trade in vehicle was willful, malicious, oppressive and insulting.

68. On or about June 2016, Defendants fraudulently, and with the intent to permanently deprive Plaintiffs of title to the property belonging to Plaintiffs, wrongfully exercised dominion over the title.

69. Plaintiffs were not in default of any agreement with Defendants.

70. Defendants conduct in its conversion of the title, down payment, refunds, and trade in, and of Plaintiffs' monies was intended to create hardship, was oppressive and insulting.

71. Defendants conduct amounted to the wrongful and willful disregard and exercise over the property rights of the Plaintiffs.

72. As a proximate result, Plaintiffs was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate the Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional

distress, in an amount to be determined by the Court, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SEVEN:  NEGLIGENT TRAINING, SUPERVISION AND RETENTION

73. Plaintiffs repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

74. Defendants duties owed to Plaintiffs in putting forth loyal, honest, and fair dealing employees who act in compliance with State law and contractual and other obligations arises from the special or confidential relationship between the parties, Alabama Statutes and regulations governing the automotive industry, Defendants's superior knowledge of the automobile industry, its practices, and Defendants and its practices.  Defendants and their employees and agents are among those exclusively licensed by the State to provide title transfer services to vehicle purchasers and/or financing and credit to consumers.  Plaintiffs must rely on licensed professionals such as Defendants, and the employees and agents of Defendants because they are the only group that can provide such services by law.

75. Defendants breached their duty by negligently retaining employees known to have violated state and/or federal laws relating to the mandatory disclosures required at the time of vehicle purchases, the proper charges for documentary fees, the timely transfer of vehicle titles, the use of official power of attorney forms to effectuate the proper and timely transfer of vehicle titles, and the conduct permitted by law in the repossession of said vehicles and known to have violated Defendants stated company policies and procedures regarding the sale of automobiles, proper transfer of titles, mandatory disclosures and rules and regulations regarding the repossession of automobiles within the automotive industry, and procurement of credit reports Defendants negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

76. Defendants, working collectively and/or through its employees and/or agents, breached the duties owned Plaintiffs, and such breaches arise out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with them or acted as his, her, its or their agents, servants or employees, and in the line and scope of his business and contractual and statutory duties, to engage in material misrepresentations to Plaintiffs in order to preserve

and protect the financial interest of Defendants, and those who acted in concert or conspiracy with them.

77.   Defendants knew or should have known of the wrongful or fraudulent practices engaged in by its employees, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees.   Defendants knew, or should have known that its policies and practices in training, supervising and retaining.   such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiffs's injuries.

78.  Plaintiffs have incurred damages proximately caused by Defendants negligence in training, supervising and retaining its employees.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.


COUNT EIGHT:

TORTUOUS INTERFERENCE WITH THE CONTRACT OF ANOTHER


79. Plaintiffs repeats each and every allegation contained in the paragraphs above and below and incorporates such allegations by reference.

80.  On or about June 3, 2017, CAC wrongfully communicated with the GAP Insurer and Service contract holder under the above account.

81.  At that time, CAC wrongfully interfered and cancelled the products without the permission of the plaintiff and without authority to do so.

82. As a proximate result, the Plaintiff has been severely damaged both economically and personally including mental anguish and emotional distress as well as incurring incidental and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiffs, for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

Respectfully submitted, on this, the 20th day of February, 2017.

<div style="margin-left: 40%;">

*s/Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@donaldlawfirm.com

*/s/ Michael E. Parrish*
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com

</div>

**Please serve Defendants at the following addresses:**

**Credit Acceptance Corporation**
**c/o/** CSC LAWYERS INCORPORATING SRVC INC
150 S PERRY ST
MONTGOMERY, AL 36104

JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA
c/o Jeffrey Ingram

GALESE & INGRAM



AlaFile E-Notice

01-CV-2017-902269.00

To:  MICHAEL EDWARD PARRISH
     mike.parrish@parrish-theus.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following complaint was FILED on 6/5/2017 1:05:53 PM

Notice Date:     6/5/2017 1:05:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:   JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.
C/O ANTHONY F. SERRA
1170 CENTERPOINT RD.
BIRMINGHAM, AL, 35215

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following complaint was FILED on 6/5/2017 1:05:53 PM

Notice Date:      6/5/2017 1:05:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To: CREDIT ACCEPTANCE CORPORATION
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following complaint was FILED on 6/5/2017 1:05:53 PM

Notice Date:        6/5/2017 1:05:53 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-902269.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E**

**NOTICE TO:** JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC., C/O ANTHONY F. SERRA 1170 CENTERPOINT RD., BIRMINGHAM, AL 35215
<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL EDWARD PARRISH
<div align="center"><em>(Name(s) of Attorney(s))</em></div>

WHOSE ADDRESS(ES) IS/ARE: 2124 10TH AVENUE SOUTH, BIRMINGHAM, AL 35209
<div align="center"><em>(Address(es) of Plaintiff(s) or Attorney(s))</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUANAKEE BASKIN
<div align="right"><em>[Name(s)]</em></div>
pursuant to the Alabama Rules of the Civil Procedure.

| 6/5/2017 1:05:53 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ MICHAEL EDWARD PARRISH
<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
<div align="center"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
<div align="center"><em>(Name of Person Served)          (Name of County)</em></div>

Alabama on _____.
<div align="center"><em>(Date)</em></div>

_____   _____      _____
<em>(Type of Process Server)          (Server's Signature)                (Address of Server)</em>

_____      _____
<em>(Server's Printed Name)              (Phone Number of Server)</em>

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | # SUMMONS<br>## - CIVIL - | **Court Case Number**<br>01-CV-2017-902269.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E

**NOTICE TO:** CREDIT ACCEPTANCE CORPORATION, CSC LAWYERS INC. SVC 150 SOUTH PERRY ST., MONTGOMERY,, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL EDWARD PARRISH

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2124 10TH AVENUE SOUTH, BIRMINGHAM, AL 35209

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUANAKEE BASKIN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 6/5/2017 1:05:53 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ MICHAEL EDWARD PARRISH

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

| | in | County, |
|---|---|---|
| *(Name of Person Served)* | | *(Name of County)* |

Alabama on

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E

01-CV-2017-902269.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $15.42

Parties to be served by Certified Mail - Return Receipt Requested

JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.          Postage: $7.71
C/O ANTHONY F. SERRA
1170 CENTERPOINT RD.
BIRMINGHAM, AL 35215

CREDIT ACCEPTANCE CORPORATION          Postage: $7.71
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | |
| $ | |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | Postmark |
| ☐ Certified Mail Restricted Delivery $ | Here |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | |
| $ | CV2017 902269 S C D1 |
| Total Postage and Fees | |
| $ | |
| Sent To | Jackmax Automotive, Inc |
| Street and Apt. No., or PO Box No. | |
| City, State, ZIP+4® | |

7017 0530 0000 1517 8850

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.
C/O ANTHONY F. SERRA
1170 CENTERPOINT RD.
BIRMINGHAM, AL 35215

CV2017 902269 S C D1

9590 9402 2957 7094 0295 67

2. Article Number *(Transfer from service label)*

7017 0530 0000 1517 8850

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ all Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7017 0530 0000 1517 8867

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ CV 2017 902269 S/C D2
Total Postage and Fees
$
Sent To Credit Acceptance Corp.
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREDIT ACCEPTANCE CORPORATION
D2
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL 36104

CV 2017 902269 S/C D2

9590 9402 2957 7094 0295 74

2. Article Number *(Transfer from service label)*
7017 0530 0000 1517 8867

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.

C/O ANTHONY F. SERRA

1170 CENTERPOINT RD.

BIRMINGHAM, AL 35215



CV-2017  9022 69  s|c  p1

9590 9402 2957 7094 0295 67

2. Article Number (Transfer from service label)

7017 0530 0000 1517 8850

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Courtney Conard_    ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ... Mail
☐ ...all Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING # #

9590 9402 2957 7094 0295 67

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 16 2017

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box •

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
• BIRMINGHAM, ALABAMA  35203



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  PARRISH MICHAEL EDWARD
     mike.parrish@parrish-theus.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was served on 6/14/2017

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   DONALD THOMAS CHRISTOPHER
      cdonald@donaldlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was served on 6/14/2017

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CREDIT ACCEPTANCE CORPORATION

CSC LAWYERS INC. SVC

150 SOUTH PERRY ST.

MONTGOMERY,, AL 36104



CV2017 902969 S/C/DJ

9590 9402 2957 7094 0295 74

2. Article Number (Transfer from service label)

7017 0530 0000 1517 8867

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)         C. Date of Delivery

10/19/17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



USPS TRACKING #

9590 9402 2957 7094 0295 74

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

READ IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 19 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203





AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  PARRISH MICHAEL EDWARD
     mike.parrish@parrish-theus.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was served on 6/14/2017

**D002 CREDIT ACCEPTANCE CORPORATION**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was served on 6/14/2017

**D002 CREDIT ACCEPTANCE CORPORATION**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
6/27/2017 1:20 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# STATE OF ALABAMA

**Unified Judicial System**
Revised 3/5/08

01-JEFFERSON

☐ District Court  ☑ Circuit Court  CV2...

# CIVIL MOTION COVER SHEET

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E

*Name of Filing Party:* D001 - JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

DAVID ANTHONY BUTLER
800 SHADES CREEK PARKWAY SUITE 300
BIRMINGHAM, AL 35209
*Attorney Bar No.:* BUT046

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Compel |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Local Court Costs $ 0 | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>6/27/2017 1:19:35 PM | Signature of Attorney or Party<br>/s/ DAVID ANTHONY BUTLER |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/27/2017 1:20 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JUANAKEE BASKIN, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **CASE NO.: CV-2017-902269** |
| | ) |
| JACKMAX AUTOMOTIVE, INC., | ) |
| D/B/A SERRA TOYOTA, and | ) |
| CREDIT ACCEPTANCE CORP., | ) |
| | ) |
|     **Defendants.** | ) |

## MOTION TO COMPEL ARBITRATION

The Defendant JackMax Automotive, Inc. d/b/a Serra Toyota (hereinafter "Serra") hereby moves this Honorable Court for an Order compelling the Plaintiff to submit her claims against Serra to binding arbitration, pursuant to the provisions of the written arbitration agreement made as part of the transaction sued upon, and in accordance with the provisions of the Federal Arbitration Act (9 U.S.C. § 1, *et. seq.*).  This motion is based upon the affidavit of Larry Lawson, as well as the arbitration agreement attached thereto, attached as Exhibit A, and upon the controlling, applicable federal and state law regarding arbitration enforceability.

1.      An agreement which contains specific provisions requiring arbitration of disputes between parties, which involves or affects interstate commerce,[1] is specifically enforceable under the Federal Arbitration Act.  9 U.S.C. §§ 1 *et seq.* (the "FAA");  *Allied-Bruce Terminix*

---

[1]The United States Supreme Court has expressly concluded that the word 'involving' is broad and is indeed the functional equivalent of 'affecting'.  *Allied-Bruce Terminix Companies, Inc. V. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

*Companies v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *see also* 9 U.S.C. § 2.

2.  In *Allied-Bruce Terminix*, the United States Supreme Court rejected the standard used by the Alabama Supreme Court to evaluate the applicability of pre-dispute arbitration agreements. To determine whether the FAA applied to a given dispute, Alabama's Supreme Court evaluated whether the parties had contemplated substantial interstate commerce (the "contemplation of the parties" test), at the time the arbitration agreement was entered into. *Allied-Bruce Terminix*, 513 U.S., at 269.  However, the United States Supreme Court explicitly held that the relevant inquiry was whether the transaction involved or affected interstate commerce (the commerce in fact test), regardless of whether the parties contemplated interstate involvement.  *Id.* at 270.

3.  In *Citizens Bank v. Alafabco, Inc*, 539 U.S. 52, 123 S.Ct. 2037 (2003), the United States Supreme Court again rejected the "substantial effect" test used by the Alabama Supreme Court, and held that the correct test to determine whether interstate commerce is implicated is whether or not, in the aggregate, the economic activity in question would represent a general practice subject to federal control.  *Id.* at 56-7.

4.  The FAA applies in this case and preempts state law, because a transaction involving a motor vehicle/unit manufactured outside this state substantially involves or affects interstate commerce.  9 U.S.C. §§1 *et seq*; *Allied-Bruce Terminix*, *supra*.  Many cases have held that simply selling a motor vehicle and/or motored unit affects, or involves, interstate commerce.  "The automobile sales industry is an industry affecting interstate commerce. . ." *Teamsters Local Union No. 116 v. Fargo-Moorhead Automobile Dealers Assoc.*, 459 F.Supp. 558, 560

(DC ND 1978); *Jumbo v. Nestor Motors, Inc.*, 428 F.Supp. 1085, 1086 (DC Ariz. 1977) ("Since the sales of motor vehicles exerts a substantial economic effect on interstate commerce, Congress has the power to regulate the transactions.").

5.    Furthermore, "the FAA certainly reaches transactions involving vehicles that have moved in interstate commerce and transactions that involve the purchase of goods that have moved in interstate commerce." *Wolff Motor Co. v. White*, 869 So. 2d 1129, 1134 (Ala. 2003). "[C]ars are themselves instrumentalities of commerce." *Id*. at 1135. "Because Congress's Commerce Clause power reaches directly to the instrumentalities of commerce, a transaction involving the sale of an instrumentality of commerce . . . satisfies the FAA's 'involving commerce' test." *Id*.

6.    Consequently, a transaction involving the sale of a 2014 Toyota Camry, a product intended to be used in interstate commerce, manufactured and originally supplied from an out-of-state corporation, to an Alabama dealer, as here, creates a sufficient nexus to interstate commerce to invoke the provisions of the FAA.

7.    In *Katzenbach v. McClung*, 379 U.S. 294 (1964), the United States Supreme Court held that the sale of barbecue by Ollie's in Birmingham was sufficient to involve or affect interstate commerce.  Since many of Ollie 's supplies came from out of state, a sufficient nexus was established to create an "effect" upon interstate commerce, even though the restaurant purchased its meat from an Alabama supplier and served food products exclusively at its Birmingham location. *Id*. at 298-301.

8.    Further, there was no evidence in *Katzenbach* showing that the patrons of Ollie's were persons other than Alabama residents. *Id*. at 298.  As the *Katzenbach* case demonstrates, the

United States Supreme Court has required little in the way of actual interstate commerce when finding an affect upon such commerce. *See also Wickard v. Filburn*, 317 U.S. 111 (1942), where regulation of wheat grown for personal consumption was held to be within Congress's commerce clause power.

9.   As in *Katzenbach*, this case involves an out-of-state origination of the "commerce" involved here. This case centers around a vehicle manufactured out of state and delivered into Alabama, subsequently sold and delivered to the Plaintiff. Due to the undisputed federal regulation of this transaction under Congress' Commerce Clause powers, it necessarily follows that this transaction substantially "affects" interstate commerce. "Congress intended the FAA to extend to all contacts that it could constitutionally regulate." *Snyder v. Smith*, 736 F.2d 409 (7th Cir.), *cert. denied*, 469 U.S. 1037 (1984). Accordingly, although the transaction at issue occurred in Alabama, the transaction as a whole substantially affected interstate commerce.

10.  The claims asserted in this case fall within the scope of the parties' broad arbitration agreements. In enacting § 2 of the FAA, Congress declared a national policy favoring arbitration, and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

11.  Claims cannot be excluded from arbitration unless there is an express provision in the original contract between the parties which specifically exempts a particular grievance. *H.L. Fuller Constr. Co. v. Industrial Dev. Bd. of Vincent*, 590 So.2d 218, 222 (Ala. 1991). No such exclusion exists in this case.

Page 4 of 8

12.   Moreover, a party cannot avoid arbitration merely by pleading statutory or tortious claims rather than contract.  Even fraud claims can be submitted to arbitration.  *See e.g.,A.G. Edwards & Sons, Inc. v. Clark*, 558 So.2d 358, 362 (Ala. 1990); *accord*, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

13.   The arbitration provisions in the agreements at issue here are unquestionably broad enough in scope to encompass the Plaintiff's claims and allegations against Serra.  The agreement is both lawful and unambiguous, and, accordingly, should be enforced as written.  *P&S Business Systems v.s. South Central Bell Telephone Company*, 466 So. 2d 928 (Ala. 1985).  The Plaintiff should be ordered to submit this dispute to binding arbitration, in accordance with the agreement.  Arbitration contracts cannot be singled out and be subjected to any different or more stringent rules of construction than other contracts.  *Doctor's Associates, Inc. v.s. Casarotto*, 517 U.S. 681 (1996).

14.   As plainly demonstrated by its language, the arbitration agreement in this case is sufficiently broad in scope to require arbitration of:

> "all disputes not barred by applicable statutes of limitations, resulting from, arising out of, relating to or concerning the transactions entered into or sought to be entered into (including but not limited to: applications for credit, any matters taking place either before or after the parties entered into this agreement, including any prior agreements or negotiations between the parties; the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties) . . . ."

(See Exhibit "A").  Additionally, the scope and breadth of this arbitration agreement is, by its terms, to be determined by the arbitrator.

15.   Claims "need not be based on breach of contract to be arbitrable. Thus, tort claims may be subject to arbitration, provided that those claims are deemed to fall within the scope of the

language of the involved arbitration clause" as they are in this matter.  *Dunn Constr. Co. v. Sugar Beach Condo Ass'n*, 760 F.Supp. 1479, 1485 (S.D. Ala. 1991)*; see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 627, 105 S. Ct. 3346, 3354, 87 L. Ed. 2d 444 (1985) (finding that "the Act itself provides no basis for disfavoring agreements to arbitrate statutory claims").

16.  This Court should stay all proceedings, including discovery, pending the conclusion of the arbitration. Under the FAA, "if arbitration is indicated by the contract, then a stay is required by the statute." *Pearce v.s. E.F. Hutton*, 828 F.2d 826 (D.C. Cir. 1987).

17.  Section 7 of the FAA (9 U.S.C. §7) provides for discovery to be controlled by the arbitrator. Therefore, any additional discovery under the Alabama Rules of Civil Procedure would create "dual discovery", thereby contravening the very expense and delay saving purposes which arbitration was designed to serve in the first instance.  *See  SuarezValdez v. Shearson Lehman*, 858 F.2d 648 (11th Cir. 1988) (reversing a trial court's decision to allow discovery to proceed during arbitration); *Delmayr v. Paine Webber*, 57 USLW 2392, Fed.Sec.L.Rep. ¶94,137 (11th Cir. 1988) (holding that discovery should be stayed during the pendency of arbitration).

18.  Accordingly, because the statutory prerequisites for arbitration are satisfied, and because strong federal policy favors pre-dispute arbitration, and the Plaintiff consented thereto, this Court should compel the Plaintiff to submit her dispute to binding arbitration in accordance with the provisions of the arbitration agreement and the Federal Arbitration Act, and all Court actions, including discovery, should be stayed pending arbitration.

**WHEREFORE, PREMISES CONSIDERED,** JackMax Automotive, Inc. d/b/a Serra Toyota, hereby moves this Honorable Court to enter an order staying this action, and compelling the Plaintiff to arbitrate all her claims against Serra in this dispute, in accordance with the written arbitration agreement attached, and for such other relief as to which it may be entitled.

Respectfully Submitted,

/s/ Jeffrey L. Ingram
/s/ David A. Butler
Jeffrey L. Ingram, Esq. (ING025)
David A. Butler, Esq. (BUT046)

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, Alabama 35209
Tel:     (205) 870-0663
Fax:     (205) 870-0681
Email: jeff@galese-ingram.com
            david@galese-ingram.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been filed using the Court's electronic filing system on this 27th day of June, 2017, which will provide notice to all attorneys and/or parties of record.

/s/ David A. Butler

# EXHIBIT

# A

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JUANAKEE BASKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: CV-2017-902269** |
| | ) | |
| **JACKMAX AUTOMOTIVE, INC.,** | ) | |
| **D/B/A SERRA TOYOTA, and** | ) | |
| **CREDIT ACCEPTANCE CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF LARRY LAWSON

STATE OF ALABAMA)

JEFFERSON COUNTY)

Before me, the undersigned Notary Public, in and for said state and in said county, personally appeared Larry Lawson, who being known to me and being over the age of 19, was deposed and said as follows:

"My name is Larry Lawson.  I am a United States citizen over nineteen years of age, and I am competent to testify in this matter.  I am the Pre-Owned Sales Director at Serra Toyota in Birmingham, Alabama.  I have personal knowledge of the matters set forth herein based on my knowledge of company policies and procedures, and my review of the relevant transactional documents in connection with the Plaintiff's purchase.

Attached hereto is a true and correct copy of a Retail Buyers Order signed by Juanakee Baskin, the Plaintiff, as part of her purchase of the vehicle at issue, bearing the date April 30, 2016. It contains a binding Arbitration Agreement, signed by the Plaintiff, in connection with her purchase

of the 2014 Toyota Camry at issue. It was signed by the Plaintiff, after having been provided an opportunity to read it in its entirety, all in connection with her purchase of the 2014 Toyota Camry at issue. The vehicle she purchased was manufactured outside of Alabama.

JackMax Automotive, Inc. does business as Serra Toyota in Birmingham, Alabama, a new and used automobile dealership. It regularly purchases for resale, from outside of Alabama, for sale in Alabama, and it regularly assists its customers, including the Plaintiff, with said purchases, and financing requests from finance companies located outside of Alabama. Various aspects of the transaction were regulated by federal laws, including the Truth in Lending Act, the Federal Trade Commissions' Holder in Due Course regulations, the Federal Odometer Act and the Magnuson Moss Warranty Act. The transaction as a whole substantially involved and/or affected interstate commerce."

Further your Affiant saith not.

Larry Lawson

Sworn to and subscribed before me on this 27 day of June, 2017.

NOTARY PUBLIC

Page 2 of 2

**TOYOTA**

1300 Centerpoint Parkway
Birmingham, Alabama 35215
(205) 838-4400

CUST. NO.

DATE ___04/30/16___

HOME PHONE ___████████___

THE UNDERSIGNED PURCHASER/LESSEE ___JUANAKEE RASKIN___    WORK PHONE ___N/A___

ADDRESS ___████████___    ZIP ___35216___

hereby agrees to purchase from _____ hereinafter referred to as Seller, subject to all terms, conditions and agreements contained herein, the following: ☐ NEW ☑ USED ☐ DEMONSTRATOR

| YEAR | MAKE | MODEL | DOORS | CYL | SERIAL # | | PRESENT MILEAGE |
|------|------|-------|-------|-----|----------|--|-----------------|
| 2014 | TOYOTA | CAMRY | | | 4T1BF1FK1EU440164 | | 44,291 |

| COLOR | STOCK # | COUNTY | SALESPERSON #1 NAME | S #1 NUMBER | SALESPERSON #2 NAME | S #2 NUMBER |
|-------|---------|--------|---------------------|-------------|---------------------|-------------|
| GRAY | P440164 | JEFFERSON | TERESA WAIRIMU | 895 | BEH DOLI | 462 |

| | | |
|---|---|---|
| SELLING PRICE | | $ 21,500.00 |
| FREIGHT (if applicable) | | |
| PROTECTION PACKAGE (NEW ONLY) | | |
| SOUND DEADENER, PAINT & SEALANT | | |
| INTERIOR PACKAGE | | |
| APPEARANCE PACKAGE | | N/A |
| OPTIONAL EQUIPMENT | | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| GAP | | 645.00 |
| SERVICE CONTRACT | | 1,175.00 |
| | | |
| | | N/A |
| TOTAL SALES PRICE | | 23,320.00 |
| TRADE-IN ALLOWANCE & DISCOUNT | | 4,000.00 |
| DIFFERENCE | | 19,320.00 |
| DOCUMENTARY FEE | | 449 00 |
| SUB-TOTAL | | 19,769.00 |
| ALABAMA SALES TAX | | 852.58 |
| TITLE FEE | | 16 50 |
| SUB-TOTAL | | 20,638.08 |
| AMOUNT OWING ON TRADE-IN | | 683.00 |
| TOTAL AMOUNT DUE | | 21,321.08 |
| DEPOSIT WITH ORDER: Rec. # | | N/A |
| CASH ON DELIVERY: Rec. # | | 300.00 |
| REBATE | | N/A |
| UNPAID BALANCE DUE | | $ 21,021.08 |

**DESCRIPTION OF TRADE-IN**

| YEAR | MAKE | MODEL | DOORS | COLOR |
|------|------|-------|-------|-------|
| 2004 | CADILLA | DEVILLE | | GRAY |

| CYL. | SERIAL # | MILEAGE |
|------|----------|---------|
| | 1G6KE57Y04U110891 | 196,266 |

ACCOUNT # _____

TRADE-IN LIEN HOLDER _____

ADDRESS _____

AMOUNT OF PAY OFF ___683.00___ QUOTED BY _____

VERIFIED BY _____ GOOD THRU ___05/10/16___

As part of the purchase price, the Purchaser/Lessee does hereby grant, bargain sell and convey the above described automobile to Seller. Purchaser/Lessee warrants title to and possession of said automobile to be in him, and that same is free from encumbrances, and all debts, except the pay-off amount stated above. Purchaser/ Lessee further warrants his good right to sell and deliver the above described automobile PURCHASER/LESSEE AGREES TO BE RESPONSIBLE FOR THE DIFFERENCE IN PAYOFF QUOTED ABOVE AND ACTUAL PAYOFF.

### DISCLAIMER OF WARRANTIES

NEW VEHICLE: If the vehicle is a new vehicle, all warranties on the new vehicle are those offered by the manufacturer. The Seller hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of MERCHANTABILITY or FITNESS FOR A PARTICULAR PURPOSE, and the Seller neither assumes nor authorizes any person to assume for it any liability in connection with the sale of the vehicle. Purchaser/Lessee shall not be entitled to recover from the Seller any consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages. This disclaimer by the Seller in no way affects the terms of the manufacturer's warranty. Purchaser/Lessee hereby acknowledges that Seller has made available to him prior to the purchase the manufacturer's warranty which Purchaser/Lessee understands constitutes all of the warranties with respect to the new vehicle.
USED VEHICLE: If the vehicle is a used vehicle, Purchaser/Lessee hereby acknowledges that the above disclaimer for new vehicles will also apply to the used vehicle. Except as may be represented in writing by the Seller on separate instrument delivered to the Purchaser/Lessee, all used vehicles are sold "AS IS - WITH NO WARRANTY." Purchaser/Lessee understands that any remaining manufacturer's warranties on used vehicles are not the responsibility of the Seller.

### ADDITIONAL TERMS AND CONDITIONS

This order shall not become binding upon either the Purchaser/Lessee or the Seller until the vehicle described above is physically delivered and Purchaser/Lessee has received the disclosures required under federal law. If applicable, in the case of a credit sale or lease, the Seller shall not be obligated to sell/lease until a finance source approves this Order and agrees to purchase a retail installment contract or lease between the Purchaser/Lessee and the Seller based on this order.
The trade-in allowance shown in this Order is the amount that the Seller agrees to allow at the time the Purchaser/Lessee accepts delivery and completes the Order. In the event of any disagreement over the value of the car traded in, the Seller will not be liable for any more than the wholesale market value as determined by the loan value of the automobile as shown in the Black Book less the estimated cost of reconditioning same.
It is agreed and understood that the legal title to the described automobile does not pass to Purchaser/Lessee until the entire purchase price is paid in full and also until the check given by the Purchaser/Lessee for all or part of the payment for said automobile clears the bank on which it is drawn.
Purchaser/Lessee agrees that this and any other written agreement pertaining to the purchase/lease contain all of the terms of the agreement with Seller, and that Purchaser/Lessee is not relying upon any oral warranties or promises. Purchaser/Lessee and Seller agree that no person is authorized to make any representations beyond those expressed in this Order. Verbal promises by salesman are not valid and any promises or understandings not herein specified in writing are hereby expressly waived by the Purchaser/Lessee. This agreement is governed by the laws of the state of Alabama.
The Purchaser/Lessee warrants that he is of majority age and further warrants that all statements made by him are true and correct and that the Seller may accept them as being true representations of existing facts.
Purchaser/Lessee acknowledges that he has received a true copy of this Order and that the Order has been completely filled-in.

### BINDING PRE-DISPUTE ARBITRATION AGREEMENT

In connection with any requested or actual business-related transaction(s) with the dealership identified below, including, but not limited to: credit matters, parts or repair matters, purchase or lease matters, the undersigned and the dealership, stipulate and agree, in connection with the resolution of any dispute arising out of, relating to, resulting from or concerning any contracts or agreements to be entered into or entered into, all alleged representations, promises and covenants, issues concerning compliance with any state or federal law or regulation, and all relationships resulting therefrom; the undersigned agrees that: (a) all disputes must be resolved on an individual and not class wide basis; and (b) all disputes not barred by applicable statutes of limitations, resulting from, arising out of, relating to or concerning the transactions entered into or sought to be entered into (including but not limited to: applications for credit, any matters taking place either before or after the parties entered into this agreement, including any prior agreements or negotiations between the parties; the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties), shall be submitted to private BINDING ARBITRATION, pursuant to the provisions of 9 U.S.C. §1, et seq. and utilizing as applicable, the Federal Rules of Evidence and the Federal Rules of Civil Procedure, then existing in the county where the transaction was entered into or sought to be entered into. However, any arbitrator selected to arbitrate shall have discretion to regulate and limit discovery keeping in mind the intended cost savings involved in resolving disputes through arbitration, and delays in litigation through protracted pre-hearing discovery. The arbitration will proceed as follows:
(a) Upon delivery by certified, return receipt mail of a written demand for arbitration from the undersigned, and an identification by the undersigned of the undersigned's selection of the panel from which an arbitrator shall be selected as set out below (either the Alabama Center for Dispute Resolution or the ADR Panel of Retired Judges of the United States District Court within any district in Alabama) the dealership will provide the undersigned, within 30 days, with a list of 5 proposed arbitrators obtained from the panel selected by the undersigned. If the undersigned does not identify the panel from whom proposed arbitrators are to be selected, when the demand is submitted, the dealership shall select the panel from whom proposed arbitrators will be identified. To be considered a suitable arbitrator, each of the 5 proposed arbitrators must have previously served as judges or practiced law in Alabama for at least 15 years. (b) The undersigned, within 10 days from receipt of said list, shall be permitted to strike up to three names and shall rank the dealership thereof, followed by the dealership being permitted to select one of the remaining 2 arbitrators, who shall be then selected as the private arbitrator, within 10 days therefrom. If the undersigned fails to elects not to timely strike any listed arbitrator, then the dealership can select anyone on the list to serve as the arbitrator. (c) The arbitrator shall not be empowered to conduct class wide arbitration concerning any disputes between the parties herein. However, the arbitrator shall be required to follow the substantive and statutory laws of the State of Alabama and of the United States. In the event the dealership and the undersigned have entered into more than one arbitration agreement concerning any of the matters identified herein, the undersigned and the dealership agree that the terms of this arbitration agreement shall control disputes between and among them. The dealership shall advance all costs of the arbitrator selected, subject to the arbitrator's right to re-tax costs as he or she may deem appropriate. If any provision in this Agreement related to the arbitrator selection process, or otherwise, is found, by a court of competent jurisdiction, to be unenforceable, the parties agree to binding arbitration administered by the American Arbitration Association, pursuant to its rules and regulations, and any provision herein in conflict therewith, should it be called upon to arbitrate any dispute between or among the parties hereto, shall be severed from the agreement. If the American Arbitration Association shall decline to administer any dispute submitted to it, for any reason, the parties hereto waive any right to a trial by jury, and all disputes not otherwise submitted to binding arbitration, shall be tried as a bench trial. NOTE: This agreement is not intended to require arbitration of disputes and costs, (which are bench trials) brought by any party to this agreement in the state district courts of Alabama, provided that the relief sought therein or as a result thereof, including compensatory and punitive damages and fees and costs, does not exceed $10,000.00. The parties stipulate that either party's participation in proceedings in Alabama state district courts shall not operate as a waiver of any right to compel binding arbitration upon appeal from said district courts. This agreement shall survive any termination, cancellation, fulfillment or non-fulfillment of any other contract, covenant or agreement related to credit or the products acquired or sought to be acquired from the dealership, including, but not limited to cancellation due to lack of acceptable financing or funding of any credit sale or lease transaction contract or lease.
THE TERMS OF THIS AGREEMENT AFFECT LEGAL RIGHTS. IF YOU DO NOT UNDERSTAND ANY PROVISION OF THIS AGREEMENT OR THE COSTS, ADVANTAGES OR DISADVANTAGES OF ARBITRATION, SEEK INDEPENDENT ADVICE BEFORE SIGNING. BY SIGNING YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY EACH OF THE PROVISIONS, COVENANTS, STIPULATIONS AND AGREEMENTS SET FORTH ABOVE AND REFERENCED HEREINABOVE.

**CAUTION: THIS IS A LEGAL DOCUMENT!**
**DO NOT SIGN UNTIL YOU HAVE READ AND AGREE WITH THE TERMS ON THE FRONT AND BACK.**

Purchaser/Lessee Signature: X_____    Accepted By _____
                                                        Seller

Purchaser/Lessee Signature: X___Juanakee Bah___

**THIS ORDER IS NOT VALID UNLESS ACCEPTED BY AN AUTHORIZED REPRESENTATIVE OF THE SELLER.**



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   DAVID ANTHONY BUTLER
      david@galese-ingram.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was FILED on 6/27/2017 1:20:48 PM

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Notice Date:      6/27/2017 1:20:48 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. (PRO
     C/O ANTHONY F. SERRA
     1170 CENTERPOINT RD.
     BIRMINGHAM, AL, 35215-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was FILED on 6/27/2017 1:20:48 PM

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Notice Date:      6/27/2017 1:20:48 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To: CREDIT ACCEPTANCE CORPORATION (PRO SE)
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was FILED on 6/27/2017 1:20:48 PM

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Notice Date:        6/27/2017 1:20:48 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  PARRISH MICHAEL EDWARD
     mike.parrish@parrish-theus.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was FILED on 6/27/2017 1:20:48 PM

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**
MOTION TO COMPEL
[Filer: BUTLER DAVID ANTHONY]

Notice Date:     6/27/2017 1:20:48 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   DONALD THOMAS CHRISTOPHER
      cdonald@donaldlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was FILED on 6/27/2017 1:20:48 PM

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Notice Date:      6/27/2017 1:20:48 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
6/27/2017 1:26 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JUANAKEE BASKIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: CV-2017-902269** |
| | ) | |
| **JACKMAX AUTOMOTIVE, INC.,** | ) | |
| **D/B/A SERRA TOYOTA, and** | ) | |
| **CREDIT ACCEPTANCE CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

NOTICE OF APPEARANCE

Jeffrey L. Ingram, of Galese & Ingram, P.C., hereby enters his appearance as counsel of record for the Defendant JackMax Automotive, Inc., d/b/a Serra Toyota.

Respectfully submitted,


/s Jeffrey L. Ingram
Jeffrey L. Ingram, Esq. (ING025)

OF COUNSEL
GALESE & INGRAM, P.C.
800 Shades Creek Parkway
Suite 300
Birmingham, AL 35209
Tel: (205) 870-0663
Fax: (205) 870-0681
Email: Jeff@Galese-Ingram.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record in this cause on June 27, 2017.

/s Jeffrey L. Ingram



AlaFile E-Notice

01-CV-2017-902269.00

To:   JEFFREY L INGRAM
       jeff@galese-ingram.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 6/27/2017 1:27:09 PM

Notice Date:        6/27/2017 1:27:09 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  CREDIT ACCEPTANCE CORPORATION (PRO SE)
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 6/27/2017 1:27:09 PM

Notice Date:      6/27/2017 1:27:09 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:   PARRISH MICHAEL EDWARD
      mike.parrish@parrish-theus.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 6/27/2017 1:27:09 PM

Notice Date:       6/27/2017 1:27:09 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To: DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 6/27/2017 1:27:09 PM

Notice Date:      6/27/2017 1:27:09 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/6/2017 1:15 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JUANAKEE BASKIN ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **Case No.: CV-2017-902269** |
| **JACKMAX AUTOMOTIVE, INC. D/B/A** | ) |
| **SERRA TOYOTA, INC., CREDIT** | ) |
| **ACCEPTANCE CORP.** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF APPEARANCE

**COMES NOW** Matthew T. Mitchell of the law firm of Burr & Forman LLP, and hereby gives notice of his appearance as counsel of record for Defendant, Credit Acceptance Corporation in the above-captioned case. Counsel requests that copies of all notices, pleadings, and other papers in this case be served upon him as counsel for Credit Acceptance Corporation.

Respectfully submitted this 6th day of July, 2017.

*/s/ Matthew T. Mitchell*
Matthew T. Mitchell (MIT050)
Kristen Peters Watson (PET065)

Attorneys for Defendant
CREDIT ACCEPTANCE CORP.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mmitchell@burr.com
kwatson@burr.com

30009572 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 6th day of July, 2017:

Thomas C. Donald
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone:  (205) 985-2309
Facsimile:  (205) 802-7083
Email:  cdonald@donaldlawfirm.com
*Attorney for Plaintiff Juanakee Baskin*

Michael E. Parrish
Parrish & Theus, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone:  (205) 326-0026
Email: mike.parrish@parrish-theus.com
*Attorney for Plaintiff Juanakee Baskin*

Jeffrey Lee Ingram
David Anthony Butler
Galese & Ingram PC
800 Shades Creek Pkwy
Suite 300
Birmingham, AL 35209
Phone:  (205) 870-0663
Email:  jeff@Galese-ingram.com
david@Galese-Ingram.com
*Attorney for Defendant Jackmax Automotive, Inc. d/b/a Serra Toyota, Inc.*

*/s/ Matthew T. Mitchell*
OF COUNSEL



AlaFile E-Notice

01-CV-2017-902269.00

To:  MATTHEW THOMAS MITCHELL
mmitchel@burr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:       7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  CREDIT ACCEPTANCE CORPORATION (PRO SE)
CSC LAWYERS INC. SVC
150 SOUTH PERRY ST.
MONTGOMERY,, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:     7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  PARRISH MICHAEL EDWARD
     mike.parrish@parrish-theus.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:     7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  DONALD THOMAS CHRISTOPHER
     cdonald@donaldlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:        7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  INGRAM JEFFREY LEE
     jeff@galese-ingram.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:      7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To: BUTLER DAVID ANTHONY
david@galese-ingram.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:15:20 PM

Notice Date:     7/6/2017 1:15:20 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/6/2017 1:21 PM
01-CV-2017-902269.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JUANAKEE BASKIN ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: CV-2017-902269** |
| **JACKMAX AUTOMOTIVE, INC. D/B/A** | ) | |
| **SERRA TOYOTA, INC., CREDIT** | ) | |
| **ACCEPTANCE CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**NOTICE OF APPEARANCE**</u>

**COMES NOW** Kristen Peters Watson of the law firm of Burr & Forman LLP, and hereby gives notice of her appearance as counsel of record for Defendant, Credit Acceptance Corporation in the above-captioned case. Counsel requests that copies of all notices, pleadings, and other papers in this case be served upon her as counsel for Credit Acceptance Corporation.

Respectfully submitted this 6th day of July, 2017.

*/s/ Kristen Peters Watson*
Matthew T. Mitchell (MIT050)
Kristen Peters Watson (PET065)

Attorneys for Defendant
CREDIT ACCEPTANCE CORP.

<u>**OF COUNSEL:**</u>

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mmitchell@burr.com
kwatson@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 6th day of July, 2017:

Thomas C. Donald
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone:  (205) 985-2309
Facsimile:  (205) 802-7083
Email:  cdonald@donaldlawfirm.com
*Attorney for Plaintiff Juanakee Baskin*

Michael E. Parrish
Parrish & Theus, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone:  (205) 326-0026
Email: mike.parrish@parrish-theus.com
*Attorney for Plaintiff Juanakee Baskin*

Jeffrey Lee Ingram
David Anthony Butler
Galese & Ingram PC
800 Shades Creek Pkwy
Suite 300
Birmingham, AL 35209
Phone:  (205) 870-0663
Email:  jeff@Galese-ingram.com
david@Galese-Ingram.com
*Attorney for Defendant Jackmax Automotive, Inc. d/b/a Serra Toyota, Inc.*

*/s/ Kristen Peters Watson*
OF COUNSEL



AlaFile E-Notice

01-CV-2017-902269.00

To:   KRISTEN PETERS WATSON
      kwatson@burr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:     7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:   PARRISH MICHAEL EDWARD
      mike.parrish@parrish-theus.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:      7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To: DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:     7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  INGRAM JEFFREY LEE
     jeff@galese-ingram.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:     7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  BUTLER DAVID ANTHONY
david@galese-ingram.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:     7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

To:  MITCHELL MATTHEW THOMAS
mmitchel@burr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following NOTICE OF APPEARANCE was FILED on 7/6/2017 1:21:27 PM

Notice Date:     7/6/2017 1:21:27 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   PARRISH MICHAEL EDWARD
      mike.parrish@parrish-theus.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:     07/21/2017
Hearing Time:     10:15:00 AM
Location:         340

Notice Date:      7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  DONALD THOMAS CHRISTOPHER
cdonald@donaldlawfirm.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:     07/21/2017
Hearing Time:     10:15:00 AM
Location:         340

Notice Date:      7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   INGRAM JEFFREY LEE
      jeff@galese-ingram.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:    07/21/2017
Hearing Time:    10:15:00 AM
Location:        340

Notice Date:     7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



**AlaFile E-Notice**

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  BUTLER DAVID ANTHONY
     david@galese-ingram.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:    07/21/2017
Hearing Time:    10:15:00 AM
Location:        340

Notice Date:     7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:   MITCHELL MATTHEW THOMAS
      mmitchel@burr.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:    07/21/2017
Hearing Time:    10:15:00 AM
Location:        340

Notice Date:     7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To:  WATSON KRISTEN PETERS
     kwatson@burr.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:    07/21/2017
Hearing Time:    10:15:00 AM
Location:        340

Notice Date:     7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902269.00

Judge: PAT BALLARD

To: PAT BALLARD
clerk.birmingham@alacourt.gov

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JUANAKEE BASKIN V. JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC. E
01-CV-2017-902269.00

The following matter was SET FOR HEARING

**D001 JACKMAX AUTOMOTIVE, INC. D/B/A SERRA TOYOTA, INC.**

MOTION TO COMPEL

[Filer: BUTLER DAVID ANTHONY]

Hearing Date:    07/21/2017
Hearing Time:    10:15:00 AM
Location:        340

Notice Date:     7/7/2017 1:08:17 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov